UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
GINA BARRETT,

                     Plaintiff,

     -against-

GREGORY HOTEL HOLDINGS, INC.,
and BEST WESTERN GREGORY
HOTEL

                 Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-01042-FB-VMS

*Appearances:*
*For the Plaintiff*:
ANTONIO MONACO, JR.
FRANK ANTHONY DELLE DONNE
Monaco & Monaco, LLP
7610 13th Avenue
2nd Floor
Brooklyn, New York 11228

*For the Defendants*:
ALAN RICHARD LEVY
Bonner Kiernan Trebach & Crociata LLP
The Empire State Building
350 Fifth Avenue
59th Floor
New York, NY 10118

**BLOCK, Senior District Judge:**

Plaintiff Gina Barrett brings this suit alleging personal injuries arising out of a slip-and-fall accident which took place in the vestibule of defendants' Brooklyn hotel. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because genuine issues of fact remain, their motion is denied.

1

## I.

The following facts are taken from the parties' Rule 56.1 statements. They are undisputed unless otherwise noted.

Defendants Gregory Hotel Holdings, Inc. and Best Western Gregory Hotel (together, "Best Western") own and operate a Best Western hotel in Brooklyn, New York.[1] On December 30, 2017, Barrett exited the premises to visit a bank and have lunch, where she had three Coors Light beers. Upon her return to the hotel around 4:00 that afternoon, Barrett slipped and fell, sustaining the injuries that form the basis of this lawsuit. Approximately five minutes prior to her return, a hotel porter mopped the floor where Barrett later fell.

## II.

On a motion for summary judgment, the court must "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (*citing Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)). Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the

---

[1] On February 22, 2021, the parties stipulated to the dismissal of a third defendant, Best Western International, Inc. Docket Nos. 26 and 27.

burden of satisfying the summary judgment standard. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005).

### III.

At New York law, the elements of negligence are: "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006). A landowner has a common law duty "to make the public areas of his property reasonably safe for those who might enter." *Nallan v. Helmsley–Spear, Inc.*, 50 N.Y.2d 507, 519 (1980). To demonstrate breach in a slip-and-fall case, a plaintiff must establish that a dangerous condition existed, and that the defendant either (1) had knowledge, constructive or actual, that the dangerous condition existed, or (2) created the condition by its own affirmative act. *Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006). "The issue of whether a dangerous condition exists depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury." *Alexander v. Marriott Int'l, Inc.*, No. 01 CIV. 1124 (LMM), 2002 WL 1492125, at *4 (S.D.N.Y. July 11, 2002).

Here, the parties do not dispute that Best Western owed Barrett a duty or that Barrett was injured. Rather, the question is whether there are genuine issues of fact that could support finding that Best Western breached its duty. Best Western argues

that it did not have actual or constructive notice, and thus it did not breach. That

argument is unavailing.

When viewed, as it must be, in the light most favorable to Barrett, *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the evidence is sufficient to permit

a jury to find either actual or constructive notice on the part of Best Western.

Constructive notice requires evidence that a dangerous condition was "visible and

apparent" and existed for a long enough period of time for Best Western to find and

rectify it. *Riley*, 210 F. App'x at 77 (internal citation and quotations omitted). Here,

Barrett testified in her deposition that the floor was "very wet." Pl. Memo. at Ex. D

36-37. Video footage reveals a yellow "wet floor" sign near the scene of the accident

and depicts a hotel employee mopping the area shortly prior to the accident. While

this evidence by no means compels a verdict in Barrett's favor, it is sufficient to raise

an issue of fact appropriate for the jury.

## IV.

For the foregoing reasons, Best Western's motion for summary judgment is

denied.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 24, 2022